ACCEPTED
07-14-00445-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
4/2/2015 4:23:25 PM
Vivian Long, Clerk

No. 07-14-00445-CV

In the Court of Appeals
For the Seventh District of Texas
Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
4/2/2015 4:23:25 PM
VIVIAN LONG
CLERK

MAILING HENDERSON,

Appellant,

v.

DAVID LEWIS,

Appellee

Appealed from Cause No. DC-13-01518
In the 68th Judicial District; Dallas County, Texas
Hon. Martin Hoffman, Presiding

APPELLANT'S BRIEF

PETERSON FARRIS BYRD & PARKER
A PROFESSIONAL CORPORATION
P.O. BOX 9620
600 S. TYLER, SUITE 1600
AMARILLO, TEXAS 79105-9620
(806) 374-5317; FAX (806) 374-9755
LIBERTY LAY, SB NO. 24046274
 llay@pf-lawfirm.com
Attorneys for Appellant

**MAILING HENDERSON, Appellant,**

**v.**

**DAVID LEWIS, Appellee**

---

## IDENTITY OF PARTIES AND COUNSEL

### *Parties*
Appellant / Plaintiff:
    Mrs. Mailing Henderson

### *Appellate Counsel*
Ms. Liberty D. Lay
State Bar No. 24046274
llay@pf-lawfirm.com
Peterson Farris Byrd & Parker, P.C.
P.O. Box 9620
Amarillo, TX 79105-9620
Telephone: (806) 374-5317
Facsimile: (806) 372-2107

### *Trial Counsel*
Mr. Trang Tran
State Bar No. 00795787
The Tran Law Firm
3050 Post Oak Blvd., Ste. 1720
Houston, Texas 77057
Telephone: (713) 223-8855

Appellee / Defendant:
    Mr. David Lewis

### *Trial and Appellate Counsel*
Mr. Steve Snelson
State Bar No. 18794450
Gerstle, Minissale & Snelson, LLP
3005 Greenville Ave., Suite 200
Dallas, TX 75206
Telephone: (214) 368-6440

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .......................................................i

INDEX OF AUTHORITIES ...................................................................iii

STATEMENT OF THE CASE ................................................................ 1

ISSUE PRESENTED................................................................................ 2

STATEMENT OF FACTS........................................................................ 2

SUMMARY OF THE ARGUMENT.................................................................4

ARGUMENT AND AUTHORITIES.............................................................4

ISSUE PRESENTED: The trial court abused its discretion in dismissing the case and in denying Plaintiff's motions to reinstate, because the attorneys' failure to appear was due to a mistake ........................................4

    A. Standard of Review...........................................................4

    B. Failure to Appear was Due to a Mistake .............................5

    C. Reinstatement was Improperly Denied ............................. 10

PRAYER .......................................................................................... 13

CERTIFICATE OF COMPLIANCE ............................................................ 13

CERTIFICATE OF SERVICE.................................................................. 14

APPENDIX ....................................................................................15

    Order of Dismissal ........................................................ App. 1

    Order Denying Reconsideration ........................................App. 2

    Plaintiff's Verified Motion to Reinstate the Case ..............App. 3

    Tex. R. Civ. P. 165a........................................................ App. 4

# INDEX OF AUTHORITIES

## Cases:

*Brown v. Howeth Inv., Inc.*, 820 S.W.2d 900 (Tex. App.—Houston
[1st Dist.] 1991, no writ) ............................................................................ 7

*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) .......13-15

*Dalmex, Ltd. v. Apparel Enters., Inc.*, No. 08-13-00182-CV,
2015 Tex. App. LEXIS (Tex. App.—El Paso Jan. 7, 2015, no pet. h.) ...........15

*Drever Waterstone, L.P. v. Rhodes,* No. 14-12-00130-CV,
2013 Tex. App. LEXIS (Tex. App.—Houston [14th Dist.] Feb. 28, 2013,
pet. denied).............................................................................................. 14

*Ellmossallamy v. Huntsman*, 830 S.W.2d 299 (Tex. App.—Houston
[14th Dist.] 1992, no writ) ............................................................................ 7

*Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.*, 186 S.W.3d 571
(Tex. 2006)..................................................................................................15

*Holt Atherton Inds., Inc. v. Heine*, 835 S.W.2d 80 (Tex. 1992).................. 14

*Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467
(Tex. 1995) (per curiam)........................................................................ 13-14

## Rules:

Dallas (Tex.) Civ. Ct. Loc. R. 3.05............................................................. 9, 10

Tex. R. Civ. P. 165a .............................................................................. 6, 8, 13

# APPELLANT'S BRIEF

In this brief, Appellant Mailing Henderson will be referred to as "Plaintiff" and Appellee David Lewis be referred to as "Defendant."

References to the Clerk's Record will be cited as "CR [page]." References to the Supplemental Clerk's Record will be cited as "SCR [page]." References to the Reporter's Record will be cited as "RR [page]." References to the Supplemental Reporter's Record will be cited as "SRR [page]." References to materials in the Appendix will be cited as "App. [#]."

## STATEMENT OF THE CASE

Plaintiff sued Defendant for breach of fiduciary duty, conversion, shareholder oppression, and for an accounting of partnership property. CR 14. Defendant filed a general denial with special exceptions, and asserted affirmative defenses. 26.

The case was set for trial in Dallas on November 18, 2014. CR 577. The case was third on the docket and Plaintiff's attorneys believed they were on standby status; therefore, they were not present when the trial court called the case for trial that morning. CR 577-578. The trial court

swiftly dismissed the case and denied Plaintiff's properly verified motions to reinstate the case. App. 1; CR 583; App. 2; SCR 31.

## ISSUE PRESENTED

The trial court abused its discretion in dismissing the case and in denying Plaintiff's motions to reinstate, because the attorneys' failure to appear was due to a mistake.

## STATEMENT OF FACTS

Plaintiff is a native and longtime resident of Taiwan. CR 17. Plaintiff sought financial and investment advice from Defendant, a Dallas resident, and ultimately invested hundreds of thousands of dollars into Defendant's ventures. CR 15. Upon discovering that her money had been misappropriated or, at best, grossly mismanaged by Defendant, Plaintiff filed a lawsuit against him in Dallas County, Texas. CR 14.

Plaintiff was represented by Trang Tran and Andrew Iwata, attorneys who are based in and practice primarily in Houston, Texas. CR 21. The case was set for trial in Dallas on November 18, 2014. CR 577. Plaintiff's attorneys filed their exhibit list, witness list, and jury charge, and worked over the weekend in preparation for trial. RR 10, 13; CR 548, 551, 567. Plaintiff traveled to Dallas for the trial. RR 12.

Based on their understanding of the local rules, their experience practicing law in Houston, and their conversations with the attorneys who were scheduled before them on the docket, Plaintiff's attorneys believed they were on standby status, and not expected to appear for trial until called by the court. CR 577.

The call from the court came that afternoon. CR 578; SCR 20. To the surprise of Plaintiff's counsel, the court staff informed them that their case was being dismissed due to their failure to appear that morning. CR 578; SCR 20. Stunned, Plaintiff's counsel prepared a verified motion to reinstate the case and filed it the next day, November 19. App. 3; CR 577; SCR 20.

On November 20, the trial court signed its order dismissing the case for want of prosecution pursuant to Texas Rule of Civil Procedure 165a. App. 1; CR 583. The court held a hearing on the motion to reinstate on December 8 and stated that the motion was denied, but did not sign a written order. RR 1, 18. Plaintiff's new counsel filed an amended motion to reinstate on February 2, 2015. SCR 4. The trial court signed an order denying that motion on February 16, 2015, following a hearing. App. 2; SCR 31; SRR 14.

## SUMMARY OF THE ARGUMENT

Plaintiff's counsel's failure to appear for trial on November 18, 2014, was not intentional or the result of conscious indifference, but was due to accident or mistake. The trial court therefore abused its discretion in dismissing and failing to reinstate the case.

## ARGUMENT AND AUTHORITIES

**Issue Presented:** The trial court abused its discretion in dismissing the case and in denying Plaintiff's motions to reinstate, because the attorneys' failure to appear was due to a mistake.

### A. Standard of Review

The standard of review of a dismissal for want of prosecution is whether the trial court committed a clear abuse of discretion. *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300 (Tex. App.—Houston [14th Dist.] 1992, no writ). The standard of review of a trial court's refusal to reinstate is also whether the trial court abused its discretion. *Brown v. Howeth Inv., Inc.*, 820 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1991, no writ). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles. *Ellmossallamy*, 830 S.W.2d at 300.

Rule 165a provides that a case may be dismissed for want of prosecution on the failure of any party seeking affirmative relief to appear for trial. Tex. R. Civ. P. 165a; App. 4. Under this rule, a trial court should reinstate a case if the party provides a reasonable excuse for the failure to appear. Tex. R. Civ. P. 165a(3); App. 4. The reviewing court must determine whether the trial court properly applied the Rule 165a(3) standard: whether the failure to prosecute the suit was intentional or the result of conscious indifference, or whether it was due to an accident or mistake or was otherwise reasonably explained. *Id.*

## B. Failure to Appear was Due to A Mistake

### 1. Counsel Reasonably Believed they were on "Standby"

On about Thursday, November 13, 2014, Plaintiff's counsel received a call from the trial court's staff, requesting an announcement of trial status. CR 577. Plaintiff's counsel advised the court that they were "not ready" for trial. CR 577. The staff member stated that the parties were still being called for trial on November 18, which Plaintiff's counsel understood to mean that the parties were required to be available during the week of the trial setting to await notice of the specific date when their case would be tried. CR 577-578. Plaintiff's counsel then prepared for trial, filing their exhibit list, witness list, and jury charge. RR 10, 13; CR 548, 551, 567; SCR 16. They also

filed (*before* the trial setting) a retraction of their motion to withdraw and specifically requested to be allowed to "proceed with the case." CR 574.

Plaintiff's attorneys both confirmed that they are accustomed to Houston practice, in which multiple cases are assigned the same trial date and, other than the case specifically set to go first, the parties are on standby and do not appear for trial until called by the court in turn. RR 8, 15; CR 578, 582; SCR 15, 19. Additionally, Plaintiff's counsel consulted Dallas County Local Rule 3.05, which states, "Unless released by the Court, during the week a case is set for trial counsel are required to be available upon a telephone call from the Court administrator." Dallas (Tex.) Civ. Ct. Loc. R. 3.05; SCR 15, 19. The local rule reinforced their belief that Dallas County operated much like Harris County. RR 8, 12; CR 577; SCR 15, 16, 19.

The Friday before the trial setting, Plaintiff's counsel called the trial court clerk to determine their position on the docket. RR 12; SCR 16. The clerk advised counsel that there were two cases scheduled for trial before Plaintiff's case on the same November 18 trial setting. RR 11; SCR 16. Plaintiff's counsel contacted the attorneys involved in those cases. CR 578; SCR 16. The plaintiff's attorney in the first case informed him they had a preferential setting for Tuesday (Nov. 18) and estimated that the trial would

last three days. SCR 16. The plaintiff's attorney in the second case informed him their trial was expected to last one day. SCR 16.

Based on this information and their understanding of Dallas County Local Rule 3.05, Plaintiff's counsel believed their case would be on standby status on November 18, and that they would receive further notice informing them of a specific day to appear. RR 15; SCR 16, 20. They were ready to go, "available upon a telephone call from the Court administrator," as required by the local rule. Plaintiff's counsel fully expected to attend trial, but did not understand that their case was being called for trial promptly on the morning of November 18. RR 15, 16; SCR 16, 20; CR 578. Therefore, they did not go to the courthouse that morning.

## 2. Counsel Promptly Sought to Remedy the Mistake

On the afternoon of November 18, a member of the court's staff called Plaintiff's counsel and informed them the case was being dismissed due to their failure to appear. SCR 16, 20. Plaintiff's counsel immediately began preparing a verified motion to reinstate, which was filed the following day. SCR 20; App. 3; CR 577. The day after Plaintiff's motion to reinstate was filed, the court signed an order of dismissal. App. 1; CR 583. The given reasons for the dismissal were failure to appear for trial, failure to take

action after notice of intent to dismiss, and want of prosecution. App. 1; CR 583.

Plaintiff's counsel Mr. Tran sought a hearing on the verified motion to reinstate. At the hearing, Mr. Tran explained that he understood that Plaintiff's case would begin after the two cases in front of him were over. RR 8. He further explained that his belief was based on his years of practice in Houston. RR 8, 12. In Harris County, he noted, "being called means you're going to be on call for two weeks." RR 16. He explained, "[I]f I had known that when the Court set a trial setting everyone shows up [sic]. It's a cattle call and the first person goes. I would have done that. But it's a misunderstanding, Your Honor..." RR 15.

Mr. Tran reiterated that he was ready and willing to try the case when his time came and that his client was standing by in Dallas for the trial. RR 17. He emphasized that his actions were not those of an attorney who was avoiding his obligations:

> I filed all the pretrial exhibits, motion in limine, jury charge, and I also withdrew my motion to withdraw prior to trial. So I've done everything I needed to do just so I could proceed to trial on that Tuesday. Now, those activity [sic] shows that I'm putting in the time and the effort to get ready for trial and I'm ready to go forward. So it doesn't look like a man that's trying to get out of trial and not show up. If I had planned to not show up I wouldn't have filed jury charge or gone through the trouble to file motion in limine, picking out exhibits and filing those. So

you can see from my filing that there's an intention to follow through.

RR 13. The court stated that the motion to reinstate was denied. RR 18.

Plaintiff filed a pro se notice of appeal, then obtained assistance from additional counsel, who filed an amended motion to reinstate (no written order denying the original motion to reinstate had yet been signed). CR 584, SCR 4. Counsel reaffirmed that Plaintiff's failure to appear was due to counsel's genuine but mistaken belief that the case was third on the docket and therefore on standby, such that Plaintiff should not appear until further notice from the court. SCR 8, 16, 21. Plaintiff's motion was supported by, among other things, the uncontroverted affidavits of attorneys Trang Tran and Andrew Iwata and their legal assistant, Aisha Bazan. SCR 14-25.

At the hearing on the amended motion to reinstate, Plaintiff called the court's attention to the pretrial preparations made by Plaintiff's counsel. SRR 7. Affidavits of attorneys Tran and Iwata again demonstrated that they had taken steps to prepare for trial (e.g., filing documents and working over the weekend) and ascertained when their turn would come (e.g., by calling attorneys on the cases ahead of them on the docket), indicating that they had every intention of showing up when their case was called. SRR 7; SCR 16, 20. These facts demonstrate that Plaintiff's failure to

appear was not done in intentional disregard of the court's instructions, but was rather due to their mistaken belief as to what those instructions meant.

Even so, the court determined that counsel's "deliberate decision" not to appear merited dismissal, and consequently denied the amended motion to reinstate. SRR 14, App. 2; SCR 31.

## C.    Reinstatement was Improperly Denied

The court dismissed the case under Rule 165a, which authorizes a court to dismiss a case for want of prosecution when a party fails to appear for trial. Tex. R. Civ. P. 165a; App. 4. The rule also provides for reinstatement of such cases. When a case is dismissed for want of prosecution, "[the] court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Smith v. Babcock & Wilcox Constr. Co., Inc.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam) (quoting Tex. R. Civ. P. 165a(3)). The standard is essentially the same as the standard for setting aside a default judgment under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). *Id.*

The *Craddock* standard favors reinstatement and requires something "more than mere negligence" to uphold dismissal:

> A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied.

*Smith*, 913 S.W.2d at 468.

In the *Smith* case, the Smiths' case was dismissed for lack of prosecution when their attorney failed to appear on the trial date. The court had denied the attorney's motion for continuance, but the attorney had understood that the court would reconsider his motion on the date of trial, because the attorney was set for trial in another county. *Id.* at 467. When the attorney failed to appear on the trial date, the court dismissed the case and later denied the Smiths' motion to reinstate the case. *Id.* The Texas Supreme Court held that the attorney's failure to appear was not intentional or the result of conscious indifference. *Id.* Like the attorney in *Smith*, Plaintiff's trial counsel was simply mistaken, and provided a credible explanation for why they believed they were not required to appear the morning of November 18.

"Because adjudication on the merits is preferred, new trials should be liberally granted when the *Craddock* elements are met." *Drever*

*Waterstone, L.P. v. Rhodes,* No. 14-12-00130-CV, 2013 Tex. App. LEXIS (Tex. App.—Houston [14th Dist.] Feb. 28, 2013, pet. denied) (citing *Holt Atherton Inds., Inc. v. Heine,* 835 S.W.2d 80, 86 (Tex. 1992)). Accordingly, it is an abuse of discretion for a trial court to refuse to reinstate a case if the uncontroverted evidence establishes that the party's failure to appear was due to accident or mistake, and was not intentional or the result of conscious indifference. *See Fid. & Guar. Ins. Co. v. Drewery Const. Co., Inc.,* 186 S.W.3d 571, 576 (Tex. 2006) (where the *Craddock* evidence was uncontroverted, "the trial court was not at liberty to disregard it"); *see also Dalmex, Ltd. v. Apparel Enters., Inc.,* No. 08-13-00182-CV, 2015 Tex. App. LEXIS (Tex. App.—El Paso Jan. 7, 2015, no pet. h.).

As set forth above, the uncontroverted facts of this case demonstrate that Plaintiff's failure to appear was due to counsel's genuine but mistaken belief that they were on standby and not required to appear until called by the court. The attorneys were mistaken, but they arrived at their conclusion honestly and with a sincere intent to appear for trial.

The trial court disregarded this uncontroverted evidence. As a result, Plaintiff's case was disposed of due to an honest mistake rather than resolved based on its merits. This result is not only excessively punitive as to Plaintiff, but is entirely unwarranted based on these facts.

# PRAYER

Therefore, Plaintiff requests that this Court reverse and remand this case to be reinstated on the trial docket for trial on the merits, and grant her such other and further relief to which she is entitled.

PETERSON FARRIS BYRD & PARKER
A PROFESSIONAL CORPORATION
P.O. BOX 9620
600 S. TYLER, SUITE 1600
AMARILLO, TEXAS 79105-9620
(806) 374-5317; FAX (806) 374-9755

BY: _/s/ Liberty D. Lay_
LIBERTY LAY, SB NO. 24046274
llay@pf-lawfirm.com
**Attorneys for Appellant**

# CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4(i)

Pursuant to Tex. R. App. P. 9.4(i), the undersigned hereby certifies that this document contains less than 15,000 words, as indicated by the word-count function of the computer program used to prepare it, and excluding the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

_/s/ Liberty D. Lay_
Liberty D. Lay

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing instrument was served through first class mail and via email on the 2nd day of April, 2015, to the following:

Mr. Steve Snelson
Gerstle, Minissale & Snelson, LLP
3005 Greenville Ave., Suite 200
Dallas, TX 75206

_____/s/ Liberty D. Lay____
Liberty D. Lay

## APPENDIX

Order of Dismissal (Nov. 20, 2014)............................................................... 1

Order Denying Reconsideration (Feb. 16, 2015) ........................................... 2

Plaintiff's Verified Motion to Reinstate the Case (Nov. 19, 2014) ................. 3

Tex. R. Civ. P. 165a .................................................................................. 4

# Appendix 1
Order of Dismissal

Nov. 20, 2014

DC-13-01518                        482C

|   | |   |
|---|---|---|
| | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| MAILING HENDERSON, et al | § | DALLAS COUNTY, TEXAS |
| vs. | § | |
| DAVIS LEWIS | § | |
| | § | 68TH DISTRICT COURT |

## ORDER OF DISMISSAL

Pursuant to the Texas Rule of Civil Procedure and the Local Rules of the Civil District Courts of Dallas County, this case is hereby dismissed for the following reason:

( x ) Failure to appear for a hearing or trial on 11/18/2014 @ 9:00 am of which notice was had.

(X) Failure to take action after notice of intent to dismiss for want of prosecution.

(X) Dismiss for want of prosecution.

( ) Failure to furnish the Court Clerk with a proposed judgment or order within 30 days after rendition of judgment or announced settlement of the case.

( ) Non-suit requested by Plaintiff.

( ) Failure to announce ready when called to trial.

( ) Failure to appear through an attorney.

This dismissal is without prejudice and with costs taxed to Plaintiff each party incurring the cost.

Signed on the ___20___ day of November, 2014.

_____
Presiding Judge

# Appendix 2

Order Denying Reconsideration

Feb. 16, 2015

∴ 465

483C

CAUSE NO. DC-13-01518

| | | |
|---|---|---|
| MAILING HENDERSON, | § | IN THE DISTRICT COURT |
| individually and as a limited partner, | § | |
| and as a derivative action on behalf | § | |
| of Texas Acquisitions, Dallas | § | |
| Acquisitions, Pacific Terrace | § | |
| Partners, Keonekai Heights IV, and | § | |
| Pauahi Terrace Partners, limited | § | |
| Partnerships, | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| vs. | § | 68th JUDICIAL DISTRICT |
| | § | |
| DAVID LEWIS, Individually | § | |
| and as General Partner | § | |
| | § | |
| **Defendant** | § | DALLAS COUNTY, TEXAS |

## ORDER DENYING RECONSIDERATION

On this day, the Court considered Plaintiff's Amended Motion to Reinstate, or Alternatively, Motion to Reconsider in the above-captioned and entitled cause, the Defendant's Response and the argument of the attorneys, the Court is of the opinion that the Motion to Reconsider should be denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider is hereby DENIED.

_____
JUDGE PRESIDING

2-16-15
Date

31

<u>Appendix 3</u>

Plaintiff's Verified Motion to Reinstate the Case

Nov. 19, 2014

FILED
DALLAS COUNTY
11/19/2014 2:49:55 PM
GARY FITZSIMMONS
DISTRICT CLERK

Sacheen Anthony

<u>Case No. DC-13-01518</u>

| | | |
|---|---|---|
| **MAILING HENDERSON,** | § | **IN THE DISTRICT COURT,** |
| | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **68th JUDICIAL DISTRICT** |
| | § | |
| **DAVID LEWIS,** | § | |
| | § | |
| | § | |
| **DEFENDANT** | § | **DALLAS COUNTY, TEXAS** |

---

## PLAINTIFF'S VERIFIED MOTION TO REINSTATE THE CASE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff moves to reinstate the case and shows the following in support.

### I. Factual Basis for the Motion.

This case was set for jury trial on November 18, 2014, which the undersigned counsel understood to mean that they were on standby *for the period beginning* November 18, 2014, with the exact date of trial to be determined by the Court based on its work flow. This impression was reinforced by Local Rule 3.05 which states that "Unless released by the Court, during the week a case is set for trial counsel are required to be available upon a telephone call from the Court administrator."

On or about Thursday, November 13, 2014, Andrew H. Iwata, as co-counsel for Plaintiff, received a telephone call from a member of the Court's staff, requesting an announcement of trial status. Mr. Iwata stated that the Plaintiff's attorneys had a pending motion to withdraw, and were therefore "not ready" for trial. The court clerk stated that, despite this "not ready" status, the parties were "still being called" for trial. Counsel for Plaintiff understood this to mean that the parties and attorneys were still required to be *available during the week of the trial setting*, to

await *further notice of the specific date* when their case would be tried, as required by Local Rule 3.05. Counsel for Plaintiff *did not* understand that their case was being called for trial promptly on Tuesday morning, November 18, 2014.

On Friday, November 14, 2014, Trang Q. Tran called the Court clerk and was informed that time that there were two cases scheduled for trial before this case, in the same week. The plaintiff's attorney in the *Mitchel v Ortiz* Cause No. DC 12-11510 confirmed that they have a preferential setting for Tuesday and estimated that the trial will last three days. The plaintiff's attorney for the second case on the court's trial docket estimated that their trial will last one day. From this information, the undersigned attorneys concluded that their case would be called to trial only after the cases in front of them finished, and that therefore they were still on standby status, under Local Rule 3.05, waiting for a further call from the Court's staff. The attorneys for Plaintiff expected that they would receive a further telephone call informing them of the *specific day* when they were required to appear. The undersigned counsel filed a retraction of their motion to withdraw over the weekend, and confirmed such filing by telephone on Monday, November 17, 2014.

On the afternoon of Tuesday, November 18, 2014, the attorneys for Plaintiff received a telephone call from a member of the Court's staff informing them that the case was being dismissed because of the failure of Plaintiff or Plaintiff's counsel to appear for trial. The parties have had a serious miscommunication or misunderstanding. The undersigned counsel believed that they were waiting on a further communication from the Court clerk which would identify the specific *day of the week* when this case would be called for trial.

The attorneys for Plaintiff were not aware that their case was being called for trial immediately, on Tuesday, November 18, 2014. If this is what the court's staff intended to

convey by the telephone call on or about Thursday, November 13, 2014, the undersigned counsel misunderstood.

The agreed scheduling order stated that trial would be on November 18, 2014. However, Plaintiff's counsel understood this to mean that the parties were on call for the period beginning November 18, 2014 and not that they were being given a fixed setting for November 18, 2014.

## II.  Legal Standards for the Motion.

Where a case has been dismissed for want of prosecution, the Texas Rules of Civil Procedure provide that a party may move to reinstate the case. Tex. R. Civ. P. 165a(3). "A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. . . . The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time, and place of the hearing." *Id.*

"The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.*

## III.  Plaintiff's Failure to Appear Was Not Intentional or the Result of Conscious Indifference, but was Due to an Accident or Mistake in the Form of a Misunderstanding.

Plaintiff's counsel operated at all times on the understanding that the Court's trial setting for November 18, 2014 was the beginning of a standby period, and that the Court would identify the specific date on which trial would begin, once the cases scheduled in front of this one had closed or the Court's exact schedule was predictable. Plaintiff's counsel is accustomed to this practice in other jurisdictions, where attorneys are on standby for two-weeks at a time, waiting to be called to trial. Once Plaintiff's counsel agreed to withdraw their prior motion to withdraw,

Plaintiff's counsel expected to attend trial, and stated as much in the filing on November 16, 2014.

## Conclusion and Relief Sought

Plaintiff asks the Court to hold a hearing on this matter, and to find after a hearing that the failure of Plaintiff and her counsel to appear for trial was not intentional or the result of conscious indifference, but was due to an accident or mistake in the form of a misunderstanding as to the Court's scheduling practice. Plaintiff therefore respectfully requests that the Court reinstate this case on the trial docket for the next available jury trial date.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Texas Bar No. 00795787
Andrew H. Iwata
Texas Bar No. 24048568
3050 Post Oak, Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
**ATTORNEYS FOR PLAINTIFF**

## STATEMENT REGARDING CERTIFICATE OF CONFERENCE

Since this motion is in the nature of a post-verdict motion, no conference is required under Local Rule 2.08.

/S/Andrew H. Iwata
Andrew H. Iwata

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent on November 19, 2014 to the persons below, by the means indicated.


*(Via e-mail)*
Steve Snelson
Gerstle, Minissale, & Snelson LLP
5005 Greenville Ave., Suite 200
Dallas, TX 75206
**ATTORNEY FOR DEFENDANT**


/S/Andrew H. Iwata
Andrew H. Iwata

# VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BEFORE ME, the undersigned authority, on this day personally appeared **Andrew H. Iwata**, who being by me duly sworn, upon his oath stated that he is fully competent and duly authorized to make this verification, that he has read the foregoing Plaintiff's Verified Motion to Reinstate the Case, and the facts stated therein are true and correct.

_Andrew H. Iwata_

**ANDREW H. IWATA**

SUBSCRIBED AND SWORN to before me, the undersigned authority, on this 19th day of November, 2014.

_Monica West_

Notary Public in and for the State of Texas

My Commission Expires:

December 5, 2016

MONICA C WEST
Notary Public, State of Texas
My Commission Expires 12-05-2016

<u>Appendix 4</u>

Texas Rule of Civil Procedure 165a

# RULE 165a. DISMISSAL FOR WANT OF PROSECUTION

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

2. **Non-Compliance With Time Standards.** Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.

3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

   The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

   In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

4. **Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.